**Shaun M. KELLY, Plaintiff,**

v.

**Randall K. OGATA, et al., Defendants.**

**No. CIV. 99–203 ACK.**

United States District Court,
D. Hawaii.

April 4, 2000.

Alan B. Burdick, Bickerton Saunders Dang & Bouslog, Honolulu, HI, for Shaun M. Kelly, plaintiffs.

Carrie K. Okinaga, McCorriston Miho Miller & Mukai, Sabrina R. Toma, Paul M. Saito, Torkildson Katz Fonseca Jaffe & Moore, Honolulu, HI, for Office of Hawaiian Affairs, Randall K. Ogata, Clayton H.W. Hee, John Does 1–20, Jane Does 1–20, Doe Business Entities 1–10, Doe Governmental Entities 1–10, defendants.

### ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND TO DISMISS

KAY, District Judge.

### BACKGROUND

Shaun Kelly ("Plaintiff") was hired by Linda Colburn, Administrator of the Office of Hawaiian Affairs ("OHA") in 1996, as OHA's Chief Financial Officer. In July of 1997, Randall Ogata replaced Colburn, and became Plaintiff's direct supervisor.

At the time Plaintiff was hired, Hawaii Revised Statute § 10–12 provided that officers and employees of the OHA Administrator served at the will of the Administrator. Plaintiff signed an application for employment that stated that he was an at will employee, unless notified in writing by an authorized executive indicating otherwise. Plaintiff does not allege that he ever received such notification.

Plaintiff alleges that during his service as OHA's CFO, he observed certain wrongdoings by Ogata, Clayton Hee ("Hee"), the Chair of the OHA Board, and others. *See* Kelly Dec. ¶ 17. Plaintiff claims that he raised his concerns with Ogata, and subsequently informed certain OHA Trustees of his concerns. *Id.* ¶¶ 18–19. Plaintiff further asserts that Ogata learned of Plaintiff's reports to the trustees, and retaliated against Plaintiff, ultimately discharging him in November of 1998, with Hee's support and encouragement. Prior to terminating Plaintiff, Ogata apparently told Trustee Frenchy DeSoto ("DeSoto") that Plaintiff had provided false information to the Trustees. DeSoto

Dep. at 19–20. Plaintiff alleges that Ogata made this statement in connection with Plaintiff's termination.

Defendants, however, claim that Ogata terminated Plaintiff for legitimate reasons, unrelated to Ogata's report to Trustee De-Soto that Plaintiff had been giving the Trustees false information. *See* Def.'s Concise State. Facts ¶ 12. Defendants further contend that Hee was not involved in any employment decisions regarding Plaintiff. *Id.* at ¶ 13.

Plaintiff filed a claim for workers' compensation benefits for the stress he claims to have experienced as a result of his employment with OHA. *See id.* at ¶ 15. According to Plaintiff's deposition on November 11, 1999, this claim is still pending.

On January 29, 1999, Plaintiff filed a complaint in the First Circuit Court of the State of Hawaii, naming OHA, and Ogata and Hee, in their individual and official capacities, as defendants. Plaintiff filed a First Amended Complaint on February 22, 1999, listing a number of state causes of action, and one federal claim under 42 U.S.C. § 1983 against Ogata and Hee in their individual capacities.

On March 18, 1999, Defendant Hee filed a notice of removal to federal court. Defendants Ogata and OHA subsequently filed notices of consent to removal.

On April 19, 1999, Plaintiff filed a Motion for Partial Remand to First Circuit Court, State of Hawaii, arguing that this Court should retain jurisdiction only on the § 1983 claim. Plaintiff also requested that this Court stay the proceedings on the § 1983 claim pending resolution of the state law claims in state court.[1] Defendants Ogata and Hee opposed this motion. On April 22, 1999, this Court referred Plaintiff's motion to Magistrate Judge Yamashita, who after a hearing, recommended that this Court remand all state law claims against OHA and all claims against Ogata and Yee in their official capacities to state court. Neither party filed objections to Judge Yamashita's Findings and Recommendations. This Court adopted Judge Yamashita's Findings and Recommendations on August 5, 1999, retaining jurisdiction only over Plaintiff's § 1983 claim against Ogata and Hee (collectively, "Defendants") in their individual capacities.

On January 20, 2000, Defendants filed a Motion to Dismiss and/or for Summary Judgment, supported by a Concise Statement of Facts. Defendants argue that the evidence does not support Plaintiff's § 1983 due process or equal protection claim. Defendants argue in the alternative that they are entitled to qualified immunity. Defendants also contend that any claim for emotional distress is barred by the exclusivity provision of Hawaii's Workers Compensation Act.

Plaintiff filed a Memorandum in Opposition on March 10, 2000, supported by a Concise Statement of Facts. Plaintiff argued that the facts establish that Defendants deprived Plaintiff of his liberty interests and property rights without due process of law, in violation of § 1983. Plaintiff further argued that the facts clearly support a first amendment § 1983 claim, and that Plaintiff's emotional distress claim is not barred by workers' compensation, to the extent that Plaintiff's emotional injuries were caused by wilful and wanton misconduct.

Defendants filed a Reply on March 17, 2000. In their reply, Defendants argue, inter alia, that Plaintiff should not be allowed to assert a first amendment claim at this late date (trial is scheduled for April 25, 2000), as this is highly prejudicial to Defendants. Defendants argue in the alternative that Plaintiffs fail to state such a claim.

The Court heard oral argument on March 28, 2000.

---

1. Plaintiff did not present any justification for his request. Furthermore, Defendants did not comment upon this request in his Opposition.

## STANDARD

### I MOTION TO DISMISS

Under Rule 12(b)(6), in determining whether a motion to dismiss for failure to state a claim upon which relief can be granted, this Court must accept as true the plaintiff's allegations contained in the complaint and view them in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Wileman Bros. & Elliott, Inc. v. Giannini,* 909 F.2d 332, 334 (9th Cir.1990); *Shah v. County of Los Angeles,* 797 F.2d 743, 745 (9th Cir. 1986). Thus, the complaint must stand unless it appears beyond doubt that the plaintiff has alleged no facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1988). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Balistreri,* 901 F.2d at 699; *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984).

In essence, as the Ninth Circuit has stated, "[t]he issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir.), *cert. denied,* 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). The Court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiffs' claims. *Id.*

A motion under Rule 12(b)(6) should also be granted if an affirmative defense or other bar to relief is apparent from the face of the Complaint, such as lack of jurisdiction or the statute of limitations. 2A J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice,* ¶ 12.07 at 12–68 to 12–69 (2d ed.1991 & supp. 1191–92) (citing *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)) (emphasis added).

### II SUMMARY JUDGMENT

Summary judgment shall be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c). The standard for summary adjudication is the same. *See State of Cal. v. Campbell,* 138 F.3d 772, 780 (9th Cir. 1998). One of the principal purposes of the summary judgment procedure is to identify and dispose of factually unsupported claims and defenses. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The United States Supreme Court has declared that summary judgment must be granted against a party who fails to demonstrate facts to establish an element essential to his case where that party will bear the burden of proof of that essential element at trial. *See id.* at 322, 106 S.Ct. 2548. "If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact [citations omitted], the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment." *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987).

Rather, Rule 56(e) requires that the nonmoving party set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial. *See id.* at 630. At least some "significant probative evidence tending to support the complaint" must be produced. *Id.* Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. *See British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir.1978).

The standard for a grant of summary judgment reflects the standard governing the grant of a directed verdict. *See Eisenberg v. Ins. Co. of North America,* 815 F.2d 1285, 1289 (9th Cir.1987) (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Thus, the question is whether "reasonable minds could differ as to the import of the evidence." *Anderson,* 477 U.S. at 250–51, 106 S.Ct. 2505.

The Ninth Circuit has established that "[n]o longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." *California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir.1987). Moreover, the United States Supreme Court has stated that "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Indeed, "if the factual context makes the nonmoving party's claim *implausible,* that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *Franciscan Ceramics,* 818 F.2d at 1468 (emphasis in original) (citing *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348). Of course, all evidence and inferences to be drawn therefrom must be construed in the light most favorable to the nonmoving party. *See T.W. Elec. Serv.,* 809 F.2d at 630—31.

## DISCUSSION

### I PLAINTIFF'S FIRST AMENDMENT CLAIM

The Court agrees with Defendants that Plaintiff's § 1983 first amendment claim should be dismissed. The Court dismisses such claim WITHOUT PREJUDICE, however, granting Plaintiff thirty (30) days

leave to amend his complaint. The Court finds that such a dismissal will not unduly prejudice Defendants, especially in light of the leave granted to Defendants to request further discovery.

Plaintiff asserts that he has a First amendment claim under § 1983 against Defendants. Plaintiff failed, however, to plead such a claim in his First Amended Complaint. Plaintiff's § 1983 claim reads:

> Defendants Hee and Ogata, in their individual capacities and acting under color of the laws and authority of the State of Hawaii, violated Kelly's rights to due process of law, equal protection of the laws, and Kelly's civil rights, as guaranteed by the constitutions of the State of Hawaii and the United States.

Pl.'s First Amend. Compl. ¶ 86. Plaintiff clearly only claims that his right to due process and equal protection, and civil rights were violated, in violation of § 1983. Plaintiff does not assert a First amendment claim in his complaint.

Although this is a notice pleading jurisdiction, Plaintiff explicitly set forth in his Complaint a § 1983 claim under due process and equal protection, but not under the first amendment. Defendants argue that Plaintiff cannot now, one month before trial, raise such a claim without severely prejudicing Defendants (trial is scheduled for April 25, 2000). They argue that this Court should dismiss Plaintiff's first amendment claim with prejudice.

■ The Court finds that dismissal without prejudice with leave to amend Plaintiff's complaint is appropriate. Because the Court is granting Plaintiff leave to amend his complaint, the April 25, 2000, trial date will have to be rescheduled, thus minimizing any prejudice to Defendants. Furthermore, Defendants may conduct further discovery, should they establish that such discovery is necessary.

The facts alleged[2] in Plaintiff's Complaint clearly state a cause of action for a

---

2. Plaintiff incorporated all of his general allegations in all of his claims, and incorporated

First amendment claim under § 1983. Moreover, a first amendment claim is very similar to Plaintiff's claim under the Hawaii Whistleblowers' Protection Act, H.R.S. § 378. The facts alleged include that Plaintiff learned of certain wrongdoings by Defendant Ogata and informed either Ogata or certain trustees about these wrongdoings. Plaintiff also asserts that he was retaliated against because of his purported whistleblowing. In claim one, Plaintiff explicitly states that Defendants' actions constituted retaliatory discharge in violation of the HWPA.

Thus, despite that Plaintiff failed to assert a First amendment claim under § 1983, the facts set forth in the complaint clearly support such a claim. Allowing Plaintiff to amend his complaint would not prejudice Defendant, as Plaintiff's complaint clearly provides notice of the facts that support this claim. Accordingly, the Court GRANTS Defendants' Motion to Dismiss WITHOUT PREJUDICE, and GRANTS Plaintiffs thirty (30) days leave to amend the complaint from the date of this Order.

## II PLAINTIFF'S DUE PROCESS AND EQUAL PROTECTION CLAIMS UNDER § 1983

The only claims before this Court are those against Defendants Ogata and Hee in their individual capacities, for denial of due process and equal protection in viola-tion of § 1983. Defendants argue that these claims should be dismissed.

42 U.S.C. § 1983 provides, in part, that: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

 In order to state a cause of action under § 1983, a plaintiff must show (1) that a person acting under color of state law engaged in the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the constitution or laws of the United States.[3] See Leer v. Murphy, 844 F.2d 628, 632 (9th Cir.1988).

The Supreme Court has expressly stated that § 1983 "imposes liability for violations of rights protected by the Constitution, not for duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." Baker v. McCollan, 443 U.S. 137, 146, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

In this case, Plaintiff claims that Defendants unlawfully deprived him of his property and liberty without due process of law, in violation of § 1983.[4] The Court will address each claim in turn.

"the allegations within each of the claims into all other allegations."

3. The Court dismisses Plaintiff's § 1983 claim to the extent that this claim relies on Defendants' violation of the Hawaii State Constitution. Section 1983 only provides for relief for state action that violates the United States Constitution or Federal law, as opposed to state constitutions. Plaintiff apparently concedes this matter, as he fails to argue otherwise in his Memorandum in Opposition.

4. Plaintiff's Complaint also states that he was deprived of his constitutional right to equal protection. However, Plaintiff presents no facts in support of this claim, and Plaintiff does not even mention this theory of liability in his Memorandum in Opposition. At the hearing, Plaintiff asserted that the equal protection clause protects Plaintiff from having his fundamental rights—in this case, free speech—violated, but further contended that the only equal protection violation that occurred is subsumed in Plaintiff's first amendment claim. The Court therefore construes this equal protection claim as moot, as discussed further, infra, since the Court is permitting Plaintiff to amend his complaint to assert a first amendment claim.

## A. *Deprivation of Property*

Plaintiff claims that he had a property interest in his employment, and was wrongfully deprived of this interest under color of law in violation of § 1983.

■ An employee has a constitutionally protected property interest in continued employment when the employee has a legitimate claim of entitlement to the job. *See Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir.1993). A property interest does not exist, however, when the employment is purely "at will." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it ... [or] a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."). When a government employee has a property interest in the continuation of his or her employment, the Due Process Clause of the Fourteenth Amendment forbids discharge unless the employee is afforded a pre-termination hearing. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

■ "Laws, rules or understandings derived from independent sources such as state law create such claims of entitlement" to employment. *See Portman*, 995 F.2d at 904. If employment is at will under state law, the claimant has no property interest in the job, and due process rights do not attach. *See id.*

■ In the instant case, the powers, duties, and terms of OHA employees is governed by statute, not by contract. Hawaii Revised Statute § 10–12 states:

> The administrator may employ and retain such officers and employees as may be necessary to carry out the functions of the office. Such officers and employees may be hired without regard to' chapters 76 and 77, and *shall serve at the pleasure of the administrator.*

H.R.S. § 10–12 (emphasis added). Clearly, this statute provides that officers and employees of the administrator serve on an at will basis.[5] The statute was in place at the time Plaintiff was hired, and a reasonable person in Plaintiff's position would have been aware of this statute, as it governs the terms of Plaintiff's employment.[6]

Moreover, Plaintiff's application for employment provides:

> I hereby understand and acknowledge that, unless otherwise defined by applicable law, any employment relationship with this organization is of an *"at will"* nature, which means that the Employee may resign at any time and the Employer may discharge Employee at any time

---

**5.** Plaintiff argues that the legislative history of the statute indicates that § 10–12 did not affect the general personnel manual, which provided for just cause employment. The clear and plain language of the statute, however, indicates otherwise. *Compare* H.R.S. § 10–10 ("The board ... may remove the *administrator* for cause at any time.") (emphasis added) *with* H.R.S. § 10–12 ("Such officers and employees ... shall serve at the pleasure of the administrator."). The Court therefore need not consider the statute's history. *See Oregon Natural Resources Council, Inc. v. Kantor*, 99 F.3d 334, 339 (9th Cir.1996) (noting that if the language of a statute is clear, the Court looks no further in determining its meaning, unless the apparent plain meaning leads to an absurd or impracticable result); *United States v. Neville*, 985 F.2d 992, 995 (9th Cir.1993) (determining that if the statute

is clear and unambiguous, there is no need to turn to legislative history); *Coalition for Clean Air v. Southern Cal. Edison Co.*, 971 F.2d 219, 227 (9th Cir.1992) ("[t]here is no need to refer to the legislative history of a statute when the language of the statute is clear.").

**6.** The Court also notes that any contractual modification of Plaintiff's term of employment would have been contrary to law, and therefore invalid. *See Portman*, 995 F.2d at 905 ("Under California law, the terms of public employment are government entirely by statute, not by contract, and hence as a matter of law, there can be no express or implied-in-fact contract between plaintiff and the County which restricts the manner or reasons for termination of his employment.") (internal quotations omitted).

with or without cause. It is further understood that this "at will" employment relationship may not be changed by any written document or by conduct *unless such change is specifically acknowledged in writing by an authorized executive of this organization.*

Def.'s State. Facts Ex. 2 at 6 (emphasis added). Plaintiff signed this document on August 1, 1996.

Plaintiff contends that Mr. Ogata's oral representations led Plaintiff to believe that he was something more than an at will employee. Plaintiff admits, however, that he never received anything in writing indicating he was anything other than an at will employee. *See* Kelly Dep. at 93:1–6. Although Plaintiff may believe otherwise, a *reasonable* person would not have believed that Plaintiff's employment status was anything other than at will, given the signed employment application that very clearly states that any change to Plaintiff's at will status must be acknowledged *in writing* by an authorized OHA executive. As such, any *verbal* indications Mr. Ogata may have given did not take Plaintiff out of realm of at will employment.

Plaintiff also contends that the OHA employment manual, which allegedly detailed procedures regarding warning and probation prior to termination, was never properly rescinded. This fact, however, even if true, would not lead a reasonable person to believe that Plaintiff was anything more than an at will employee. First, the board rescinded the manual in 1989 (or attempted to do so). Second, the Hawaii Legislature amended § 10–12 in 1990, clearly providing that officers and employees of the administrator are at will employees. Plaintiff was not hired until 1996, well after the above actions took place. Moreover, at the time he was hired, Plaintiff signed an application clearly indicating his at will status. It is highly unlikely that any reasonable person in Plaintiff's position would assume his at will status was affected.

Plaintiff argues that the Whistleblowers Protection Act creates a property interest in employment, in that this statute modified the employment at will doctrine by providing that employers may not terminate employees in retaliation for their whistleblowing activities. Plaintiff has cited no case, however, in which a court found that the HWPA created a property interest recognized by the Fourteenth Amendment.

■ The HWPA does not provide employees with a protected property interest, as it does not create an enforceable expectation of continued public employment. *Cf. Dwyer v. Regan*, 777 F.2d 825, 829 (2d Cir.1985). The statute simply does not alter the usual rule that employment in Hawaii is at will by allowing dismissal only for cause; it does not alter the nature of the employment relationship. Rather, the HWPA provides all employees with protection from being retaliated against because they reported wrongdoing. *Cf. Fry v. McCall*, 945 F.Supp. 655 (S.D.N.Y.1996) (finding that the New York whistleblower's statute did not provide a property interest for at will employee).

### B. *Deprivation of Liberty Interest*

■ "A liberty interest is implicated in the employment termination context if the charge impairs a reputation for honesty or morality." *Brady v. Gebbie*, 859 F.2d 1543, 1552 (9th Cir.1988). To state a liberty interest due process claim, a plaintiff must show that "1) the accuracy of the charge is contested; 2) there is some public disclosure of the charge; and 3) the charge is made in connection with termination of employment." *Id.* The reasons for termination "must be sufficiently serious to 'stigmatize' or otherwise burden the individual so that he is not able to take advantage of other employment opportunities." *Portman v. County of Santa Clara*, 995 F.2d 898, 907 (9th Cir.1993). "Charges that carry the stigma of moral turpitude such as dishonesty or immorality may implicate a liberty interest, but charges of

incompetence or inability to get along with others do not." *Id.* (internal quotations omitted). When a person has been deprived of a liberty interest, due process requires that the aggrieved party have an opportunity to clear his name. *See Brady,* 859 F.2d at 1554. Failure to prevail on a property claim does not preclude a properly asserted liberty claim. *See Brady,* 859 F.2d at 1553 (holding that at will employment status does not affect a liberty claim).

In this case, Plaintiff alleges that Defendant Ogata told Trustee DeSoto that Plaintiff was giving the Trustees false information. Plaintiff contends that this statement was made in connection with his termination by Defendant Ogata.[7] *See* Def's Concise State. Facts ¶ 32. Plaintiff also contends that he "disagreed and continues to disagree" with this charge, and apparently was provided no opportunity to clear his name. Defendants dispute none of these facts.[8]

█ Plaintiff's claim fails, however, in that Ogata's statement to Ms. DeSoto is not a public disclosure. As chairperson of the OHA trustees, Ms. DeSoto was a perfectly legitimate person with whom Mr. Ogata could discuss employment matters. It was proper for Ogata to explain his reasons for terminating Plaintiff with Ms. DeSoto, in a private forum. Indeed, Plaintiff does not allege that Ogata's statements were disclosed to anyone outside of OHA. As such, Plaintiff has failed to plead facts supporting the public disclosure element of his liberty interest claim. Accordingly, the Court finds that this claim fails as a matter of law.

Plaintiff also fails to set forth facts demonstrating that Defendant Hee violated Plaintiff's liberty interest. Plaintiff does not allege that Defendant Hee made a public disclosure carrying a stigma of moral turpitude in connection with Plaintiff's termination. Moreover, as per H.R.S. § 10–12, it is the administrator (Defendant Ogata) who is responsible for hiring and firing his officers and employees, not the trustees. Accordingly, this Court GRANTS Defendants' Motion for Summary Judgment as to Plaintiff's § 1983 liberty interest claims against both Defendants.

## C. *Equal Protection*

Defendants urge this Court to dismiss Plaintiff's equal protection claim. Plaintiff, however, asserts that this claim is the equivalent of his first amendment claim, and as such, should not be dismissed, as he has asserted that he was denied his fundamental right of free speech.

"To the extent that [Plaintiff] contends that [ ]he was dismissed [or retaliated against] because of [his] expressive activity, that claim arises under the first amendment." *Watkins v. Bowden,* 105 F.3d 1344, 1354 (11th Cir.1997); *see also Gilbrook v. Westminster,* 177 F.3d 839, 872 (9th Cir.1999) (finding that plaintiffs failed to produce sufficient evidence to support equal protection claim, without addressing "the more interesting (and difficult) legal question posed by defendants: Can differential treatment on the basis of expressive activity give rise to an equal protection claim separate and apart from a claim of First Amendment retaliation?"); *Grossbaum v. Indianapolis–Marion County Bldg. Auth.,* 100 F.3d 1287, 1296 n. 8 (7th

---

**7.** In her deposition, DeSoto states that Mr. Ogata told her that he intended to fire Plaintiff, and had ongoing conversations with Mr. Ogata on this topic. *See* DeSoto Dep., Pl.'s Mem. Opp., Ex. 8, at 10. Because Plaintiff did not provide DeSoto's entire deposition transcript, however, it is impossible for the Court to determine whether it was in the context of these ongoing conversations about Plaintiff's termination that Mr. Ogata told DeSoto of Plaintiff's alleged untruthfulness. Defendants, however, provide no evidence to the contrary.

**8.** In fact, Defendants only support for the dismissal of Plaintiff's liberty claim is that Plaintiff did not have a property interest in his employment; Defendants offer no other reason for dismissal of this claim.

Cir.1996) (suggesting in dictum that no independent equal protection claim exists); *Thompson v. City of Starkville,* 901 F.2d 456, 468 (5th Cir.1990) (dismissing plaintiff's equal protection claim in retaliation case because it "amounts to no more than a restatement of his first amendment claim"); *Vukadinovich v. Bartels,* 853 F.2d 1387, 1391–92 (7th Cir.1988) (finding that plaintiff's equal protection retaliation claim, based on the allegation that "he was treated differently because he exercised his right to free speech," "is best characterized as a mere rewording of [his] First Amendment-retaliation claim"). Plaintiff does not claim that he has an equal protection claim separate and apart from his first amendment claim. As such, because the Court has granted Plaintiff leave to amend his complaint to add a first amendment claim, this Court dismisses Plaintiff's equal protection claim.

### III QUALIFIED IMMUNITY

Defendants also argue that Plaintiff's claims against them should be dismissed because they are entitled to qualified immunity. Because the Court has dismissed all of Plaintiff's § 1983 claims,[9] the Court will not address Defendants' arguments at this time.

### IV WORKERS' COMPENSATION AND PLAINTIFF'S EMOTION DISTRESS DAMAGES UNDER § 1983

Defendants assert that the emotional distress damage aspect of the § 1983 claim is barred by Hawaii's workers' compensation statute, which provides exclusive remedies for "personal injury ... arising out of and in the course of the employment or by disease proximately caused by or resulting from the nature of the employment." H.R.S. § 386–3. Because the

9. The Court does not consider Plaintiff's first amendment claim at this time, as plaintiff has not pled such a claim and only raised it for the first time in its opposition to Defendants' motion, such that Defendants have not had a fair opportunity to fully oppose this claim.

Court has dismissed Plaintiff's § 1983 claims, the Court will not address this argument at this time.

### CONCLUSION

For the foregoing reasons, the Court GRANTS WITH PREJUDICE Defendants' Motion for Summary Judgment as to Plaintiff's due process property and liberty interest claims, and equal protection claim under § 1983; and GRANTS WITHOUT PREJUDICE Defendants' Motion to Dismiss as to Plaintiff's first amendment claim. The Court grants Plaintiff thirty (30) days leave to amend her complaint from the date of this order to add a first amendment claim under § 1983.

IT IS SO ORDERED.

Defendants may request leave to pursue further discovery and to file a motion for summary judgment regarding Plaintiff's Amended Complaint asserting a § 1983 first amendment claim.